UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  4:21 CR 689 JAR (JMB) |
| | ) |
| JASON WYCISKALLA, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Currently before the Court is Defendant Jason Wyciskalla's Motion to Suppress Evidence and Statements.  (ECF No. 46)  The government opposes the motion.  Pretrial motions were referred to the undersigned United States Magistrate Judge.  See 28 U.S.C. § 636(b).

**INTRODUCTION AND PROCEDURAL BACKGROUND**

Wyciskalla is charged by indictment with being a felon in possession of a firearm.  The charge stems, at least in part, from evidence seized during the execution of a federal search warrant[1] at the home of Wyciskalla and his mother, Joyce Wyciskalla, on April 30, 2021.  On February 14, 2023, Wyciskalla filed the instant motion to suppress.  The government filed an amended response, and also informed the Court and defense counsel that the government believes the issues raised by Wyciskalla should be resolved by review of the "four-corners" of the search warrant and application.  On February 22, 2023, the undersigned issued an order indicating that, absent a written request filed by March 1, 2023, the Court would not hold an evidentiary hearing

---

[1] Hereinafter sometimes referred to as "the Search Warrant for The Premises Located at 14905 State Road T, Festus, MO 63028," or simply "the Search Warrant."

and would resolve the issues raised in Wyciskalla's motion upon review of the search warrant and application, as well as the relevant caselaw.  (See ECF No. 51)  No party requested a hearing by the deadline.  Accordingly, the matter is now ready for disposition.

Having considered the parties' arguments and written submissions, the undersigned makes the following findings of fact, conclusions of law, and recommendation.

## **FINDINGS OF FACT**

The undersigned takes judicial notice of the application, warrant, and return in E.D. Mo. Case No. 4:21 MJ 6076 PLC, the Search Warrant for The Premises Located at 14905 State Road T, Festus, MO 63028.  Both parties reference and include records from that case in their pleadings.

On April 28, 2021, Zachary Green, a Special Agent with the ATF, appeared before the Honorable Patricia L. Cohen, U.S. Magistrate Judge for the Eastern District of Missouri.  The appearance was conducted by reliable electronic means, in compliance with the Federal Rules of Criminal Procedure.  SA Green submitted a 39 paragraph Affidavit in support of an application for a warrant to search 14905 State Road T, Festus, MO, the shared residence of Jason Wyciskalla and his mother Joyce Wyciskalla.  Page 21 of the Affidavit includes a submission indicating that SA Green signed the Affidavit under penalty of perjury; Judge Cohen signed below SA Green's signature.  Attachment A to the Affidavit and Search Warrant provides a detailed description of the property to be searched, referred to as "the Premises."  The description includes four photographs of the Premises.  Attachment B to the Affidavit and Search Warrant describe the property subject to seizure pursuant to the warrant.  Attachment B is specific and particular in terms of the crimes under investigation—18 U.S.C. §§ 922(a)(6), 922(d), 922(g)(1), and 922(j)— and it identifies the subjects of the crimes under investigation as "Jason and/or Joyce WYCISKALLA."  Attachment B also identifies several firearms to be seized.

Broadly speaking, the Affidavit submitted by SA Green references an investigation of possible straw firearm purchases/transfers by Joyce Wyciskalla for/to Jason Wyciskalla, in 2021, at a retail store known as Bucheit.  (See, e.g., Affidavit at ¶ 8)  The Affidavit alleges that "[a] 'straw' purchase is conducted when a firearm is purchased by an individual for another individual who is typically prohibited from purchasing a firearm."  (Id. at ¶ 6)  The Affidavit alleges that Jason Wyciskalla has felony convictions for involuntary manslaughter/reckless homicide, and aggravated battery/great bodily harm, in Jefferson County, Illinois.  (Id. at ¶ 31)  The Affidavit also alleges that Jason Wyciskalla lives at the Premises to be searched with his mother Joyce Wyciskalla.  The affidavit describes alleged activity in January, March, and April 2021, including activity SA Green personally observed, information provided to law enforcement by employees of Bucheit stores in Herculaneum and House Springs, MO, and information SA Green observed on store video surveillance recordings.

Paragraphs 6 and 7 of the Affidavit explain that SA Green's investigation began after FBI Special Agent Adam Launius advised that "A.H.," a manager at the Herculaneum, MO, Bucheit store, contacted him.  A.H. reported that Joyce Wyciskalla purchased firearms from online retailers which were shipped to the Bucheit store in Herculaneum for transfer to her.  The Affidavit alleges that A.H. reported that Joyce "was not allowed to speak and if she did, Jason Wyciskalla would make statements like 'Your nephew won't like that' or 'That's not what your nephew wants.'"  (Affidavit at ¶ 7)  The Affidavit next explains that SA Green contacted A.H. and the information A.H. provided to him was consistent with the information he provided to SA Launius.  A.H. provided SA Green with records showing three firearms transferred to Joyce Wyciskalla, and that she listed the premises to be searched as her address.  (Id. at 8)  The Affidavit alleges that Joyce had a .22 caliber rifle and a 5.56 mm rifle transferred to her on March 4, 2021, and a Beretta 9 mm

3

pistol transferred to her on March 27, 2021.

In paragraphs 10 and 11, SA Green explains that he obtained a Bucheit store video surveillance for March 4, 2021, and that the video shows Jason and Joyce Wyciskalla at the store together. While Joyce Wyciskalla is at the gun counter, Jason Wyciskalla is observed grabbing what appeared to be multiple boxes of ammunition. The video also depicts Jason Wyciskalla contact a Bucheit employee and request to see what appears to be a Beretta pistol. According to the Affidavit, Jason Wyciskalla manipulates the pistol and takes a shooting stance while holding the pistol before returning it to the employee. Still images included in the Affidavit corroborate SA Green's account.[2] The video confirms that Joyce Wyciskalla purchased the .22 caliber and 5.56 mm rifles on March 4, 2021.

Paragraphs 12-15 of the Affidavit describe the video surveillance evidence associated with the March 27, 2021, transfer of a Beretta 9 mm pistol to Joyce Wyciskalla at the Bucheit store in Herculaneum, MO. Per the Affidavit, Jason and Joyce Wyciskalla are both at the store. Jason Wyciskalla is observed taking a holster, removing the holster from the packaging, and then later appearing to conceal the holster in his pants. The video depicts Jason Wyciskalla exit the rear of the store and walk to his vehicle and then re-enter the store. The Affidavit explains that information from a Bucheit store employee confirmed the holster observed in the video would fit a Beretta pistol as well as other brands of firearms.

Paragraphs 16-19 and 23-25 of the Affidavit recount events of April 8, 2021, including SA Green's first-hand observations. On that day, SA Green learned that a Glock 9 mm pistol was transferred to Joyce Wyciskalla at the Herculaneum Bucheit store on January 19, 2021. SA Green

---

[2] Later in the Affidavit, SA Green describes how he confirmed that the pistol he observed Jason Wyciskalla handle in the video was most likely a Beretta. (See Affidavit at ¶¶ 22, 26)

retrieved paperwork associated with the Glock 17 transfer.  He also learned that, on March 29, 2021, a Zastava 7.62 mm rifle was transferred to Joyce Wyciskalla at the Bucheit store in House Springs, MO.  Per the Affidavit, the manager of the Herculaneum Bucheit store later advised SA Green that Jason and Joyce Wyciskalla were presently in the Herculaneum store.  SA Green returned to the store and observed what he believed to be two blue boxes of ammunition in a shopping cart used by Jason Wyciskalla.  SA Green represented that the boxes he observed in Jason Wyciskalla's shopping cart were consistent with boxes of 7.62 mm ammunition he observed on the shelves at the store.  SA Green also reviewed video surveillance from April 8, 2021.  According to the Affidavit, the video depicts Jason Wyciskalla removing 7.62 mm ammunition from the shelf, along with two magazines.  The video also shows Jason Wyciskalla hiding one of the boxes under his cell phone and that the boxes were no longer visible in the shopping cart.

SA Green also recounts that he later learned that Jason Wyciskalla used a tax-exempt account for Roger's Heating & Cooling, of Sesser, IL, to make purchases on April 8, 2021.  SA Green obtained a copy of the receipt and, the receipt reflected the purchase of a shooting target and non-firearm items, but not any ammunition or magazines.  SA Green reviewed other receipts for the same tax-exempt account, which reportedly included the purchase of ammunition, magazines, targets, and the above-referenced transfer of the Glock 9 mm pistol to Joyce Wyciskalla on January 19, 2021.

Paragraph 27 of the Affidavit describes SA Green's review of Bucheit store video from April 3, 2021.  According to the Affidavit, the video depicts Jason Wyciskalla in the store with two males believed to be his children.  The video depicts Jason Wyciskalla purchase firearms related items with the two males, including ammunition, and depicts him also appearing to steal a Magpul magazine.

As noted above, SA Green learned that a Zastava 7.62 mm rifle was transferred to Joyce Wyciskalla at the Bucheit store in House Springs, MO, on March 29, 2021.  Paragraphs 28-29 describe SA Green's review of information and store surveillance video associated with that transfer.  SA Green obtained a receipt of the transfer which showed that two boxes of 7.62 ammunition were also purchased on that date.  A.S., the store manager, advised SA Green that Joyce Wyciskalla told A.S. that the firearm was for her grandson.  The video depicts Jason and Joyce Wyciskalla arrive together.  Jason Wyciskalla is observed removing a firearm magazine and then walking out of camera view; when he returned to camera view, he was no longer observed with the magazine.  When A.S. brought the firearm to the front register, Jason Wyciskalla had possession of two boxes of ammunition.  Per the Affidavit, Jason Wyciskalla took possession of the rifle from A.S. when he left the store.

Screen shots from the surveillance video included in the Affidavit are consistent with, and therefore corroborate, SA Green's description of the video surveillance footage in the Affidavit.

The parties agree that investigators executed the Search Warrant on April 30, 2021.  Both parties have submitted information reflecting the items seized.  Wyciskalla submitted a copy of an ATF Report of Investigation prepared by SA Green.  The government submitted a copy of a Search Warrant return prepared by SA Green.  A copy of the return is included in the Court's records at ECF No. 5 in Case No. 4:21 MJ 6076 PLC.

Additional findings of fact are included in the discussion and analysis of the issues.

**DISCUSSION, CONCLUSIONS OF LAW, AND RECOMMENDATION**

**I.      Summary of Issues Raised**

Wyciskalla first contends that the affidavit fails to establish a sufficient nexus between the premises to be searched and the contraband to be seized.  He argues that his mother, Joyce, was

6

legally allowed to possess firearms and ammunition and could have stored such items at the shared residence without violation of any law, and the Affidavit fails to "spell out how Jason's actions accompanying her to the … stores somehow converted the transferred firearms into contraband." (Motion to Suppress, ECF No. 46 at 8)  He further notes that the Affidavit fails to include any detail or accounts of him or anyone else "on the premises actually holding firearms or ammunition." (Id.)

Wyciskalla next contends that the Affidavit rests on "wholly conclusory statements." Relatedly, he argues that the Affidavit was so deficient that any officer executing the Search Warrant could not have reasonably relied on the Search Warrant.  Therefore, he contends, the Court should not apply the Leon good-faith exception.

The government contends that Search Warrant is backed by probable cause.  Regarding nexus, the government contends that the Court should consider SA Green's representation that it is common for those who obtain firearms to keep them inside their residence, vehicles, or other buildings under their control.  Finally, the government contends that, even if the Court found the Search Warrant lacking, the good-faith exception applies.

**II.**   **Analysis**

The Fourth Amendment provides that –

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.  In the present case, the government applied for and obtained a search warrant.  "The Fourth Amendment requires that search warrants be issued only upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and

7

the persons or things to be seized." Dalia v. United States, 441 U.S. 238, 255 (1979) (internal quotations omitted).

The undersigned will first address whether the Affidavit satisfies the probable cause requirement. "Issuance of a search warrant must be supported by probable cause, which depends on whether, under the totality of the circumstances, there is a fair probability evidence of a crime will be found in a particular place." United States v. Faulkner, 826 F.3d 1139, 1144 (8th Cir. 2016) (citing United States v. Rodriguez, 711 F.3d 928, 936 (8th Cir. 2013)); see also Warden v. Hayden, 387 U.S. 294 (1967); United States v. Keys, 721 F.3d 512, 518 (8th Cir. 2013); Fed. R. Crim. P. 41. Probable cause is "a fluid concept–turning on the assessment of probabilities in particular factual contexts–not readily, or even usefully, reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232 (1983). "Probable cause may be found in hearsay statements from reliable persons, Gates, 462 U.S. at 245; in hearsay statements from confidential informants corroborated by independent investigation, Draper v. United States, 358 U.S. 307, 313 (1959); or in observations made by trained law enforcement officers, McDonald v. United States, 335 U.S. 451, 454 (1948). While these are some of the ways in which probable cause is commonly established, they are by no means all-inclusive." United States v. Jones, 2019 WL 7331747 at *3 (E.D. Mo. Nov. 19, 2019).

It is well-established that, when the issuing judge relies on the supporting affidavit to issue a search warrant, "only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005) (citations and quotations omitted); see also United States v. Farlee, 757 F.3d 810, 819 (8th Cir. 2014); United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995). After a judicial officer has issued a warrant upon a finding of probable cause, that finding

8

normally deserves great deference.  Gates, 462 U.S. at 236.  Thus, "[t]he affidavit should be examined under a common sense approach and not in a hypertechnical fashion."  Solomon, 432 F.3d at 827 (citation and quotations omitted).  See also United States v. Ventresca, 380 U.S. 102, 109 (1965); Gladney, 48 F.3d at 312 (explaining that "[a]ffidavits must be read in a common-sense and realistic fashion") (citations and quotations omitted).

In this case, the Search Warrant indicates that the issuing judge found probable cause on the basis of the affidavit submitted with the Search Warrant application.  Thus, the probable cause review is confined to the four-corners of the affidavit.  See Solomon, 432 F.3d at 827.

When assessing probable cause for the issuance of a warrant, "a reviewing court … [pays] great deference to the probable cause determination of the issuing judge or magistrate, and [the] inquiry is limited to discerning whether the issuing judge had a substantial basis for concluding that probable cause existed."  United States v. Daigle, 947 F.3d 1076, 1081 (8th Cir. 2020) (citations and quotations omitted; emphasis supplied); see also U.S. v. Green, 954 F.3d 1119, 1123 (8th Cir.) ("We owe great deference to the issuing court's probable-cause determination.") (citation omitted), cert. denied, 141 S. Ct. 597 (2020).

In this case, the undersigned concludes that Judge Cohen no doubt had a substantial basis to find probable cause and issue the Search Warrant.  It is not disputed that Jason Wyciskalla has a felony conviction and is prohibited from possessing a firearm or ammunition that has traveled in interstate commerce.  It is also not disputed that Jason Wyciskalla lives with his mother Joyce at 14905 State Road T, Festus, MO, the premises to be searched.

The Findings of Fact above summarize most of SA Green's Affidavit.  The Affidavit provided facts to conclude that, between January and late March 2021, Joyce Wyciskalla had several firearms transferred to her at Bucheit stores in Herculaneum and House Springs, MO.  On

9

January 29, 2021, a Glock model 17 9mm pistol was transferred to her. On March 4, 2021, a .22 caliber rifle and a 5.56 mm rifle were transferred to her. On March 27, 2021, a 9 mm Beretta pistol was transferred to her. And on March 29, 2021, a 7.72 mm rifle was transferred to her. The store video security footage described in the Affidavit shows Jason Wyciskalla with Joyce for each of the firearm transfers in March 2021.

The undersigned also finds that the Affidavit describes actual possession of firearms and ammunition by Jason Wyciskalla, and it also documents a reasonable conclusion that Jason Wyciskalla is interested in firearms. For example, the Affidavit describes that Jason Wyciskalla physically possessed a Beretta pistol, a 7.62 mm rifle, ammunition, and gun magazines while at a Bucheit store. The Affidavit describes facts from which one could reasonably conclude that Jason Wyciskalla stole a holster, ammunition, and a magazine from a Bucheit store.

The Affidavit further alleges facts to support a conclusion that Jason Wyciskalla directed the purchases of the firearms. Not only was he with Joyce for all of the March transfers, a Bucheit store manager also represented to an FBI Special Agent that it was as if Joyce was not allowed to speak and when she did, "Jason Wyciskalla would make statements like 'your nephew won't like that' or "That's not what your nephew wants.'" (Affidavit at ¶ 7)[3] The Affidavit describes an

---

[3] Wyciskalla argues that the Affidavit rests on wholly conclusory statements. He first notes that the Affidavit represents that a Bucheit store employee suspected that Joyce Wyciskalla had been abused based on observing bruises. Next, he contends that the Affidavit fails to provide any corroboration that he actually stole any holster or magazines. These two arguments reflect a "divide-and-conquer" approach, which is not permitted. Rather, our Court must consider the totality of the facts alleged in the Affidavit. See United States v. Brackett, 846 F.3d 987, 992 (8th Cir. 2017) ("Whether probable cause to issue a search warrant has been established is determined by considering the totality of the circumstances….") (citations and internal quotations omitted). And an issuing judge is permitted to make reasonable inferences—each fact need not be separately corroborated. See id. ("Not only may an issuing judge draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant, … law enforcement officers may make reasonable inferences in preparing affidavits in support of a warrant.") (citations and internal quotations omitted). Even if those "conclusory" facts are not

instance in which Jason Wyciskalla looked at a Beretta pistol and that Joyce Wyciskalla later purchased a Beretta pistol. The Affidavit also supports an inference that Jason Wyciskalla stole a holster that was compatible with a Beretta pistol. Furthermore, the Affidavit represents that Jason Wyciskalla used a specific tax-exempt account to purchase non-firearm items and that same account was used to purchase ammunition, magazines, and for the transfer of the Glock 9 mm pistol to Joyce Wyciskalla.

Based on the facts alleged in the Affidavit, there was probable cause to conclude that Jason Wyciskalla possessed firearms and ammunition. The Affidavit more than supports a reasonable inference that Joyce Wyciskalla was conducting straw firearm purchases on behalf of Jason Wyciskalla. There was also probable cause to conclude that firearms and other related evidence would be located at the residence of Joyce and Jason Wyciskalla.

Thus, the Affidavit supported probable cause to conclude that Joyce Wyciskalla made false statements to a firearms dealer in that she was making straw firearms purchases for her son Jason Wyciskalla, in violation of 18 U.S.C. §§ 922(a)(6), 922(d)(1). The Affidavit demonstrated probable cause that Jason Wyciskalla possessed firearms and stolen ammunition even though he was legally prohibited from doing so, in violation of 18 U.S.C. §§ 922(g)(1) and 922(j).

Wyciskalla's also argues that that the Affidavit does not satisfy the "nexus" requirement. He specifically argues that his mother could lawfully possess firearms, and the Affidavit "does nothing to spell out how Jason's actions accompanying her at the Bucheit stores somehow converted the transferred firearms into contraband." (Motion to Suppress, ECF No. 46 at ¶ 7) He

---

considered, the Affidavit as a whole still supports a finding of probable cause that Jason Wyciskalla actually possessed firearms and ammunition and that Joyce Wyciskalla was conducting straw purchases. Importantly, the undersigned disagrees with Wyciskalla's suggestion that the Affidavit does not support a conclusion that he stole a holster or magazine. To the contrary, a fair inference from the facts alleged is that he stole a holster, a magazine, and ammunition.

further contends that the Affidavit does not include any account of his or anyone else at the premises to be searched holding any guns or ammunition.

For a search warrant to issue, "'there must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue.'" United States v. Colbert, 828 F.3d 718, 726 (8th Cir. 2016) (quoting United States v. Tellez, 217 F.3d 547, 550 (8th Cir. 2000)); see also United States v. Randle, 39 F.4th 533, 536-37 (8th Cir. 2022) (applying in Leon good faith context); United States v. Johnson, 848 F.3d 872, 878 (8th Cir. 2017) (citing Colbert). "Factors to consider in determining if a nexus exists include 'the nature of the crime and the reasonable, logical likelihood of finding useful evidence.'" Johnson, 848 F.3d at 878 (quoting Colbert, 828 F.3d at 726); see also United States v. Smith, 21 F.4th 510, 515 (8th Cir. 2021) (quoting Johnson).

The Application, Affidavit, and Search Warrant at issue herein represent that the search was related to violations of four enumerated subsections of 18 U.S.C. § 922. As recounted above, SA Green's Affidavit provided probable cause to conclude that those violations occurred and were committed by Jason and/or Joyce Wyciskalla. Furthermore, the Affidavit represented that Jason and Joyce Wyciskalla both lived at the premises to be searched—14905 State Road T, Festus, MO. The Affidavit also referenced SA Green's training and experience as follows:

> Based on my and the investigating team's training and experience and our participation in other pending and completed illegal weapons possession investigations, I have learned that it is common for those possessing firearms illegally to keep those firearms secreted inside of their residences, vehicles, or other buildings under their control.

(Affidavit at ¶ 37).

Wyciskalla's contention that the Affidavit must "spell out" more facts regarding his conduct would require our Court to employ a much more exacting standard of review than the Constitution demands. Again, our review involves a common-sense assessment, see Solomon,

12

432 F.3d at 827, and upon such assessment the undersigned finds that the Affidavit supplies a sufficient nexus to conclude that evidence of the crimes under investigation would be found at the shared residence of Joyce and Jason Wyciskalla.

In summary, the undersigned finds that SA Green's Affidavit provided a substantial basis for Judge Cohen to find probable cause that both Jason and Joyce Wyciskalla committed the enumerated violations of 18 U.S.C. § 922. There is no leap in logic to conclude that evidence of the crimes would be found at the residence shared by Jason and Joyce Wyciskalla. Thus, any nexus requirement is easily satisfied by the allegations and SA Green's Affidavit. Stated differently, based on the factual allegations, the reasonable inferences associated with those allegations, and the nature of the crimes, there was "reasonable, logical likelihood of finding useful evidence," Johnson, 848 F.3d at 878, at the shared residence of Jason and Joyce Wyciskalla.

Inasmuch as the Search Warrant at issue satisfies the Fourth Amendment, there is no reason for our Court to address the government's alternative argument that the good-faith exception to the exclusionary rule applies.

Finally, to the extent Wyciskalla contends that any statements he made, or other evidence seized, should be suppressed as the fruit of an illegal search, such a contention cannot be sustained because there was no illegal search.

## RECOMMENDATION

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Court DENY Wyciskalla's Motion to Suppress Physical Evidence and Statements [ECF No. 46].

The parties are advised that they have fourteen (14) days in which to file written objections to the foregoing Report and Recommendation unless an extension of time for good cause is

obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require review by a District Court Judge. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990). See also 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a).

Pretrial proceedings in this matter have concluded. This matter will be set for trial by further order of the court, before the Honorable John A. Ross, United States District Judge.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this   16th   Day of  March , 2023